YORK, RESPONDENT, *v.* STEWARD ET AL., APPELLANTS.

(No. 1,898.)

(Submitted April 30, 1904.  Decided May 9, 1904.)

*Continuance — Engagements of Counsel — Affidavits—Sufficiency.*

Where it appeared from the record that defendant had three counsel, two of whom were partners, an affidavit for a continuance until after a certain date, which stated that counsel who was to try the case was to be engaged in the supreme court on the day set for trial and the two following days, but which failed to show any reason why his partner could not attend to the business in the supreme court, or why the other counsel could not try the case, was insufficient to show error in the refusal of the continuance.

*Appeal from District Court, Silver Bow County; William Clancy, Judge.*

Action by J. J. York against John M. Steward and another, doing business as the Smith Piano Company. From a judgment for plaintiff, defendants appeal. Affirmed.

*Mr. George F. Shelton,* and *Mr. John J. McHatton,* for Appellants.

The rights of the defendants having been saved in their bill of exceptions, the proper method for a review of the action of the court in refusing to grant the continuance is by an appeal from the judgment. (*Haraszthy* v. *Horton,* 46 Cal. 545; *Jaffe* v. *Lilienthal,* 101 Cal. 175, 35 Pac. 636; *Whitefoot* v. *Leffingwell,* 90 Wis. 182; *Sherman* v. *Higgins,* 7 Mont. 479; *Barber* v. *Briscoe,* 8 Mont. 214.)

Absence of sole counsel in case is a ground for a continuance, and the refusing thereof, upon a proper showing, is reversible error. (*January* v. *Superior Court,* 73 Cal. 540; *Bartel* v. *Tieman,* 55 Ind. 438; *Bates* v. *Commonwealth* (Ky.), 16 S. W. 528; *Allen* v. *Pollock* (Ky.), 22 S. W. 436; *Ross* v. *Head,* 51 Ga. 605; *Summerlyn* v. *Dent,* 36 Ga. 54; *Smith* v. *Brand,* 44 Ga. 588; *Bagwell* v. *State,* 56 Ga. 406; *Truelock* v. *State,* 1 Iowa, 515; *Barry* v. *Louisiana Ins. Co.,* 12 Martin, 484; *Hill* v. *Clark,* 51 Ga. 122; *Rossett* v. *Gardner,* 3 W. Va. 531; *Peterson* v. *Atlantic City R. Co.,* 177 Pa. St. 335; *Watkins* v. *Manufacturing Co.* (Ky.), 38 S. W. 868; *Bibb Lumber Co.* v. *Lima Machine W. Co.,* 98 Ga. 279, 25 S. E. 445; *State* v. *Ferris,* 16 La. Ann. 424; *State* v. *Boys,* 37 La. Ann. 481; *Harrigan* v. *Turner,* 53 Ill. App. 292; *Myers* v. *Trice,* 86 Va. 835; *Moulder* v. *Kempff,* 115 Ind. 459; *Rhode Island* v. *Massachusetts,* 36 U. S. (11 Pet.) 226; *Green* v. *Culver* (Ky.), 39 S. W. 426; *Rice* v. *Melendy,* 36 Iowa, 166.)

*Mr. Charles O' Donnell,* for Respondent.

Mr. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This action was brought by the plaintiff to recover a judgment against the defendants for a balance alleged to be due the plaintiff for rent of certain premises in the city of Butte. The plaintiff had verdict and judgment. The defendants have appealed.

On April 26, 1902, the calendar was called by the district court of Silver Bow county for the purpose of setting causes for trial. At that time this cause was set for hearing on May 5th following. When this day was fixed, John W. Cotter, Esq., one of counsel for defendants, asked the court to set the cause at a date later than May 7th; the reason for his request being that he would be obliged to be in attendance upon the supreme court of the state of Montana on May 5th, 6th and 7th, and could not be present in person to try the cause at an earlier date than May 8th. This request the court refused to grant in the absence of a showing made by counsel by affidavit. On April 30th Mr. Cotter presented and filed his affidavit, and moved the court for a continuance of the cause until after May 7th. After consideration, the motion was denied. The only error assigned in the brief of counsel is the action of the court in refusing the application for a continuance. The affidavit, omitting the formal parts, is the following: "John W. Cotter, being first duly sworn, deposes and says that he is attorney for the defendant in the above-entitled cause, and was such attorney in said cause on the former trial thereof, and represented the said defendant on the appeal thereof in the supreme court; that said court reversed the judgment which had heretofore been obtained by the plaintiff against the said defendant, said cause having been tried before Honorable John J. McHatton, judge presiding in Department 1 of the district court at that time; that this affiant is the only person connected with the case who is qualified to represent the defendant, and that he is obliged to be in attendance upon the supreme court of the state of Montana on Monday, the 5th day of May, Tuesday, the 6th day of May, and Wednesday, the 7th day of May, and that he cannot be present and try the said cause at the time it is set; that he called the

matter of his being required to appear before the supreme court to the attention of this honorable court at the time this cause was set, and was notified by said court to make a showing of such attendance.   *   *   *"

It appears elsewhere in the record that there were associated in the cause with the counsel who made the application John J. McHatton and George F. Shelton. It appears further that Mr. Shelton attended the trial, and acted as counsel for the defendants. It further appears that Messrs. McHatton and Cotter were associated in a copartnership as attorneys and counselors. So far as the affidavit shows to the contrary, Mr. McHatton was as well qualified to attend to the business pending in the supreme court as was Mr. Cotter himself, and was at liberty to do so, for there is no statement that the business pending there was of such a character as to demand the personal presence of Mr. Cotter. And while Mr. McHatton could not properly appear and try the cause in the district court, for the reason that he had at one time sat as judge in the cause, yet he could with propriety have relieved Mr. Cotter from the necessity of attending the supreme court, and allowed him to give his personal attention in aid of Mr. Shelton at the trial. Nor does it appear that Mr. Shelton was not as well qualified to attend to the trial as was Mr. Cotter; and, though it does appear that Mr. Cotter would have preferred to be present and try the cause, from the fact that he had been associated with it from the beginning, the affidavit fails to reveal any legal reason why the court erred in setting the cause and requiring the trial to be had as it did. The appeal is without merit.

The judgment is affirmed.

*Affirmed.*